***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Pfeiffer. The appealing party has shown good grounds to reconsider the evidence and amend the Opinion and Award; therefore, the Full Commission MODIFIES and AFFIRMS the Opinion and Award of the Deputy Commissioner
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties in a pretrial agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. Pursuant to a Form 21 agreement that was approved by the Industrial Commission on or about May 22, 1991 and that is incorporated herein by reference, plaintiff sustained an admittedly compensable injury by accident on April 26, 1991. Pursuant to the terms on the Form 21 agreement, plaintiff's average weekly wage was sufficient to yield the maximum compensation rate for the year 1991, or, $406.00 per week. Plaintiff received compensation at that weekly rate beginning April 27, 1991 until plaintiff returned to work for defendant on March 14, 1994.
2. If Dr. Anthony J. Defranzo was called as a witness for plaintiff, he would testify as set forth in plaintiff's exhibit 13, which was admitted into evidence in this matter. Dr. Defranzo is a medical expert specializing in plastic and reconstructive surgery.
3. Through the pretrial agreement, plaintiff introduced and the deputy commissioner admitted into evidence in this matter exhibits one through thirteen. These exhibits consist of Industrial Commission Forms 21, 19, and 28 (exhibits 1-3); medical records (exhibits 4-12); and the summarized testimony of Dr. Defranzo (exhibit 13). In addition, plaintiff introduced and the undersigned admitted into evidence in this matter exhibits 14 through 20, which consist of photographs.
4. As a result of his admittedly compensable injury by accident, plaintiff sustained a thirty percent (30%) permanent partial impairment to his right leg. Plaintiff has not yet been compensated for this rating, and defendant stipulates that plaintiff is entitled to benefits for this rating.
5. The issue to be determined by the Commission is the amount of compensation to which plaintiff is entitled for permanent partial disability pursuant to N.C.G.S. § 97-31(15), and the compensation, if any, to which plaintiff is entitled for loss of or permanent injury to an important external or internal organ or part of the body pursuant to N.C.G.S. § 97-31(24) or for serious bodily injury pursuant to N.C.G.S. § 97-31(22).
 ***********
Based on the evidence of record and the findings of fact found by the Deputy Commissioner, the Full Commission finds as follows:
 FINDINGS OF FACT
1. At the time of the deputy commissioner hearing in this matter, plaintiff was forty-three (43) years old. Plaintiff has a high school education. At the time of the evidentiary hearing, plaintiff was receiving ongoing temporary total disability benefits for a 1998 injury by accident involving the same employer but a different workers' compensation carrier.
2. On April 26, 1991, plaintiff was employed by defendant-employer as a demolition expert. On that date, plaintiff sustained an admittedly compensable injury by accident when a dump truck struck plaintiff and then backed over his body in defendant's parking lot. In the course of this injury by accident, plaintiff sustained injuries to his right leg and to his abdominal area.
3. After the injury, plaintiff was taken to Moses Cone Hospital and came under the care of a general surgeon, Dr. Michael R. Leone, who performed exploratory surgery in the abdominal area and found that there was no major intra-abdominal injury. Plaintiff last saw Dr. Leone for his abdominal injuries on June 26, 1991.
4. While at Moses Cone immediately following the injury by accident, plaintiff also came under the care of Dr. Ronald A. Gioffre, an orthopedic surgeon, who treated plaintiff for his badly fractured right leg. Dr. Gioffre performed an open reduction and internal fixation with a plate and screw to the fractured right tibia, and a debridement of the right tibial wound.
5. Plaintiff remained under the care of Dr. Gioffre for his right leg injury. Ultimately, it became apparent that there was a delayed union at the fracture site. On December 11, 1991, Dr. Gioffre removed the plate and screw from plaintiff's right leg. In November 1992 there was still a nonunion of the fracture, so Dr. Gioffre performed additional surgery, a bone graft. Eventually the fracture healed, but plaintiff continued to have a great deal of pain in his right extremity despite treatment and therapy therefor, and even developed a muscle herniation from the fracture.
6. On April 6, 1994 Dr. Gioffre completed what he called a "final evaluation" for plaintiff. At this evaluation, Dr. Gioffre noted that plaintiff had a half-inch leg length discrepancy as compared with his left leg, limited motion of the ankle, and muscle herniation of the anterior tibial compartment that continued to cause pain and swelling. Dr. Gioffre released plaintiff from his care and noted that plaintiff had returned to work. In addition, Dr. Gioffre found plaintiff to be at maximum medical improvement and assigned a thirty percent (30%) permanent partial disability rating to plaintiff's right leg.
7. Despite his release by Dr. Gioffre on April 6, 1994, plaintiff continued to treat on a fairly regular basis with Dr. Gioffre for ongoing right leg problems, including significant pain, swelling, right leg and foot weakness, sensitivity to touch, and his right leg's tendency to give out. Dr. Gioffre prescribed medication and additional therapy.
8. Although plaintiff had returned to work for defendant on March 14, 1994 after his admittedly compensable injury by accident, he continued to treat with Dr. Gioffre for ongoing leg problems. In January 1998 plaintiff was involved in a motor vehicle accident while working with defendant, and Dr. Gioffre began treating plaintiff for low back pain in addition to ongoing right leg problems.
9. Plaintiff's was seen again by Dr. Defranzo on August 18, 1998 for a follow-up examination of the abdominal injuries sustained in the 1991 injury by accident. Dr. Defranzo's diagnosis was scar contractures of the skin to muscle with the scar continuing through the skin and fat to his abdominal wall and attaching to the abdominal muscle. The scar is not a surgical scar, but came about as a result of plaintiff's skin bursting and being ripped away from the abdominal area. Plaintiff probably lost some skin in the process; that is the reason for the scar being much wider than a typical surgical scar.
10. Plaintiff's scar is darker in color than his normal, surrounding skin, and one centimeter wide at its widest point. It is fifteen to twenty centimeters long and turns at one point; hence, Dr. Defranzo actually considers plaintiff to have more than one scar. Plaintiff's scar becomes red, irritated, and itches on occasion and becomes tight when exposed to sunlight. Plaintiff also occasionally experiences pain in the abdominal area.
11. The umbilicus serves no practical function or purpose other than for aesthetic reasons. Plaintiff's umbilicus was completely destroyed and he therefore has no belly button at all. Dr. Defranzo can reconstruct a belly button if plaintiff desires; however, this reconstructed belly button would not look completely normal. Plaintiff's lack of a belly button and scarring are unattractive and abnormal-looking, and at time cause him some mental/emotional discomfort.
12. Because plaintiff's scar actually sticks to his abdominal muscle, the wall of the abdominal muscle is less flexible than normal. This sticking of the scar to the muscle wall causes plaintiff problems at times, such as pain with the use of the muscles when he stands up, bends, or twists.
13. As a result of the injury by accident, plaintiff not only injured his right leg, but he also sustained injuries and permanent damage to his skin in the abdominal region, to the subcutaneous tissue below the skin in the abdominal region, and to the muscle in the abdominal wall. Therefore, as a result of the injury by accident, plaintiff has sustained permanent injuries to important internal and external organs or parts of the body for which no other compensation is payable.
14. Because the abdominal wall was ripped in the injury, plaintiff's abdominal wall is not as strong as it should be. Accordingly, plaintiff has an increased risk of developing a resultant lower abdominal hernia, and he will need regular checks by his medical doctor to examine for possible hernias.
15. Plaintiff has sustained permanent injury to the skin in his abdominal area. Plaintiff's skin is an important organ or part of his body. As a result, plaintiff is entitled to compensation for this permanent injury.
16. Plaintiff has sustained permanent injury to the subcutaneous tissue below his skin in his abdominal area. This subcutaneous tissue is an important organ or part of his body. As a result, plaintiff is entitled to compensation for this permanent injury.
17. Plaintiff has sustained permanent injury to the muscle of his abdominal wall. This abdominal muscle is an important organ or part of his body. As a result, plaintiff is entitled to compensation for this permanent injury.
18. Plaintiff has received and is entitled to continue receiving medical compensation that is reasonably necessary and related to his compensable injury by accident.
 ***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. Plaintiff is entitled to receive 60 weeks of compensation at the weekly rate of $406.00 in payment for his thirty percent (30%) permanent partial disability rating to his right leg. N.C.G.S. § 97-31(15).
2. Plaintiff has sustained permanent injury to the skin in his abdominal area. Plaintiff is entitled to receive $10,000.00 for the significant permanent injury to plaintiff's skin, an important bodily organ, including the disfigurement of loss of his umbilicus, scarring, discoloration, permanent loss of flexibility, itching, and pain. N.C.G.S. § 97-31(24).
3. Plaintiff has sustained permanent injury to the subcutaneous tissue below his skin in his abdominal area. Plaintiff is entitled to receive $15,000.00 for the significant permanent injury to plaintiff's subcutaneous tissue, an important bodily organ or part. N.C.G.S. §97-31(24).
4. Plaintiff has sustained permanent injury to the muscle of his abdominal wall. Plaintiff is entitled to receive $15,000.00 for the significant permanent injury to plaintiff's abdominal muscle, an important bodily organ or part. N.C.G.S. § 97-31(24).
5. Plaintiff remains entitled to continue receiving medical treatment related to his injury by accident that is reasonably necessary to effect a cure or give relief. N.C.G.S. §§ 97-2(19) and 97-25.
 ***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
 AWARD
1. Defendant shall pay to plaintiff sixty (60) weeks of permanent partial disability compensation at the weekly rate of $406.00. Said compensation has accrued and shall be paid in a lump sum.
2. Subject to the attorney's fee approved herein, defendants shall pay to plaintiff $10,000.00 for the permanent injury to the skin is his abdominal area, $15,000.00 for the permanent injury to the subcutaneous tissue below the skin in his abdominal wall, and $15,000.00 for permanent injury to the muscle of his abdominal wall.
3. A reasonable attorney's fee of twenty-five percent (25%) of the total compensation awarded to plaintiff is approved for plaintiff's counsel. This fee shall be deducted from the total amount owed plaintiff and shall be forwarded directly to plaintiff's counsel of record.
4. Defendant shall continue to provide plaintiff with necessary medical compensation to effect a cure or give relief.
5. Defendant shall bear the costs of this proceeding.
This the ___ day of August 2002.
 S/____________ BUCK LATTIMORE CHAIRMAN
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE
 S/_____________ THOMAS J. BOLCH COMMISSIONER